2019 IL App (1st) 181952-U

No. 1-18-1952

Third Division

December 31, 2019

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| DAJUN ZHENG, | ) | Petition for Direct |
| | ) | Administrative Review of a |
| Petitioner-Appellant, | ) | Decision of the Illinois Human |
| | ) | Rights Commission. |
| v. | ) | |
| | ) | |
| THE DEPARTMENT OF HUMAN RIGHTS, THE | ) | |
| HUMAN RIGHTS COMMISSION, and RON OF | ) | No. 2009 CA 4202 |
| JAPAN, | ) | |
| | ) | |
| Respondents-Appellees. | ) | |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Howse concurred in the judgment.

**ORDER**

¶ 1    *Held*: The Human Rights Commission did not abuse its discretion by sustaining the dismissal of petitioner's claim of employment discrimination for lack of substantial evidence.

¶ 2    Petitioner Dajun Zheng appeals *pro se* from a final order entered by the Illinois Human

Rights Commission (Commission) sustaining the Illinois Department of Human Rights'

(Department) dismissal of his charge of employment discrimination by his former employer, Ron

of Japan. Petitioner alleged that Ron of Japan had discriminated against him based on his age when they failed to pay him his final wages that were paid to younger employees. The Department dismissed his charge for lack of substantial evidence. Petitioner appealed to the Commission and they sustained the Department's decision. He now contends the Commission abused its discretion in sustaining that dismissal. We affirm.

¶ 3 Petitioner was employed at Ron of Japan during the months of February and March 2009. In March, Ron of Japan terminated his employment and he filed a complaint of employment discrimination.

¶ 4 In his complaint, petitioner alleged that he was 54 years of age when he was terminated, Ron of Japan failed to pay him for his final hours that he was in their employ, that his work performance met Ron of Japan's legitimate expectations, and younger employees were paid their final wages upon termination. In the complaint, petitioner stated that he worked at Ron of Japan on February 26 and 27 of 2009, and was off February 28 through March 2 due to illness. He had a day off scheduled for March 3 and returned to work on March 4. He was off from March 5 through March 11 and worked on March 12 and March 13. On March 14, he was sent home sick on the approval of manager Hide Taniguchi and placed on leave through March 29. Petitioner expected to return to work on March 30, 2009. On March 29, he called Ron of Japan for his work schedule and was told by assistant manager Frank Chen that they did not need help. Petitioner asked to speak to Taniguchi but was told Taniguchi would get back to him. Petitioner did not hear from Taniguchi. Petitioner was issued a final check for the pay period ending February 25, 2009, and claimed he did not receive pay for the last two days he worked in February and the days he worked in March.

¶ 5    Petitioner's complaint was investigated by the Department and a fact finding conference was held and attended by both parties. The record from the fact finding conference shows petitioner began working at Ron of Japan on April 17, 2008. He was hired by Hide Taniguchi, the manager of the restaurant. Taniguchi was 54 years of age. Petitioner worked as a chef at the restaurant. Taniguchi stated that petitioner's last day at the restaurant was February 27, 2009, and petitioner was expected to return on February 28 before having an approved leave that would end on March 14, 2009. Taniguchi wanted petitioner to work February 28 and March 14 because those were Saturdays, the restaurant's busiest days of the week. Petitioner did not come to work on either of those days. Taniguchi and Chen attempted to call petitioner several times between March 14 and March 16 to no avail and they decided to hire another chef. Petitioner was issued a final check for February 26 and 27. Chen stated that pay periods at Ron of Japan are two weeks long and that petitioner would have received a check for February 26 and 27, 2009. When petitioner called the restaurant on March 29, 2009, to receive his work schedule, he learned that he had been terminated. Petitioner was 54 years' of age at the time of termination. Taniguchi and Chen are in the same protected age category as petitioner. One third of Ron of Japan's work force fell within the protected age category of over 40 years' of age.

¶ 6    During the fact finding conference petitioner's time cards for March of 2009 were produced. The time cards showed petitioner worked from 3:31 p.m. to 5:55 p.m., on March 4, 2009, but it was unknown why petitioner "clocked in" for that day since a typical work shift is longer than an hour and a half. Petitioner did not work any other days in March of 2009. Petitioner's work schedule and time cards show he worked on February 26 and 27, 2009. Chen stated petitioner's final check was for $77.70, the difference between petitioner's check stub

dated February 25, 2009, and the final payment sent to him on March 11, 2009, after deductions. Petitioner claimed he did not receive the check for $77.70.

¶ 7     At the conclusion of the fact finding conference, the Department found that petitioner failed to establish a *prima facie* case for discrimination since he failed to identify a similarly situated younger employee who was or was not issued a final check after termination.  Petitioner failed to present evidence that Ron of Japan refused to pay him his last wages based on discriminatory animus. Thus, there was a finding of lack of substantial evidence because petitioner was issued a check for his last days of work and there was no harm and no evidence of age discrimination.

¶ 8     Petitioner filed a request for review with the Commission. He argued that the Department's investigation was unfair and lacked relevant substantial evidence. He also alleged the Department ignored his requests to have Ron of Japan provide bank records to prove they issued a final check to him. He maintained that the Department's decision should be reversed.

¶ 9     The Department responded to petitioner's request for review reiterating their investigative report. Petitioner filed a reply alleging that the bank records of Ron of Japan were necessary to verify his claim that he was not issued a final check and that the Department ignored his requests for the bank records.

¶ 10    On August 10, 2018, the Commission, having reviewed petitioner's request and the Department's response, concluded that the Department properly dismissed all counts of petitioner's claim for lack of substantial evidence. The Commission found there was no evidence that respondent had treated similarly situated employees outside of petitioner's protected class more favorably under similar circumstances. The Commission further found that petitioner's

argument was speculative and, as such, did not constitute evidence of discrimination. The Commission sustained the Department's dismissal of petitioner's claim.

¶ 11    On September 12, 2018, petitioner filed a petition for administrative review with this court.

¶ 12    We initially note we have jurisdiction to review the final order of the Commission since petitioner filed a timely petition for review pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017). See *Kreutzer v. Illinois Commerce Commission*, 303 Ill. App. 3d 791, 796 (2010). Rule 335 provides that "the petition for review shall be filed in the Appellate Court within 35 days from the date that the order or decision sought to be reviewed was served upon the party affected by any order or decision of the administrative agency and shall specify the parties seeking review and shall designate the respondent and the order or part thereof to be reviewed." Ill. S. Ct. R. 335 (eff. July. 1, 2017).

¶ 13    As a threshold matter, we address respondent's argument to disregard new evidence that was submitted in petitioner's *pro se* opening brief. Respondent alleges petitioner has included evidence that was not before the Commission—namely information regarding an employee, who was not in petitioner's protected class, that left respondent's employ and received payment for her last wages. Additionally, petitioner includes an explanation as to why his time card from March 4, 2009, only shows that he clocked in for an hour and a half of work.

¶ 14    We initially note that on December 28, 2018, petitioner filed a motion to supplement the record with: (1) the verified answer to the charge of discrimination and statement of position by Ron of Japan; (2) copies of petitioner's time cards from the pay period of February 26 through March 11, 2009; (3) the meeting notes of the November 15, 2010 fact finding conference; and

(4) the notice of dismissal issued by the Department on July 14, 2011. On January 18, 2019, this court denied petitioner's motion to file a supplemental record.

¶ 15    Illinois Supreme Court Rule 335(d) provides that "[T]he entire record before the administrative agency shall be the record on review unless the agency and the petitioner stipulate to omit portions." Ill. S. Ct. R. 335(d) (eff. July 1, 2017). We have held "[I]n the review of the administrative decision, the court may only consider questions of law and fact presented in the record. 735 ILCS 5/3-110 (West 2010). No new additional evidence in support or opposition of the administration's decision may be properly heard. 735 ILCS 5/3-110 (West 2010)." *Young v. Illinois Human Rights Commission*, 2012 IL App (1st) 112204, ¶ 50. Therefore, petitioner's arguments regarding the employee, who was not in petitioner's protected class, and petitioner's explanation regarding his time card are not properly before this court. *Id*. Accordingly, we will not consider these arguments in reaching our decision.

¶ 16    That said, petitioner claims that the Commission abused its discretion by sustaining the Department's dismissal of his charge for lack of substantial evidence. He asks that we reverse the Commission's finding.

¶ 17    A reviewing court will not overturn the Commission's decision to sustain the dismissal of a charge of employment discrimination unless the decision was arbitrary and capricious or an abuse of discretion. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 917 (2010). An arbitrary and capricious decision is one which contravenes the intent of the legislature, fails to consider a crucial aspect of the problem, or offers an impossible explanation contrary to agency expertise. *Budzileni v. Department of Human Rights*, 392 Ill. App. 3d 422, 442 (2009).

¶ 18 Under the Illinois Human Rights Act (Act), the Department must determine whether there is substantial evidence that a civil rights violation has occurred, and dismiss the charge if there is not. 775 ILCS 5/7A-102(D)-(3) (West 2014). Substantial evidence is evidence which a reasonable mind would find sufficient to support a particular conclusion, and consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. 775 ILCS 5/7A-102(D)(2) (West 2014). However, mere speculation and conjecture do not constitute substantial evidence of discrimination. *Willis v. Illinois Department of Human Rights*, 307 Ill. App. 3d 317, 326 (1999).

¶ 19 In *Zaderaka v. Illinois Human Rights Commission*, 131 Ill. 2d 172, 178-79 (1989), the supreme court followed the approach set out by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to analyze a claim of employment discrimination under the Act. Under that approach, petitioner must first establish a *prima facia* case of unlawful discrimination. To do that he must show that (1) he is a member of a protected class, (2) he met the employer's legitimate business expectations, (3) he suffered an adverse employment action, and (4) the employer treated similarly situated employees outside the class more favorably. *Owens*, 403 Ill. App. 3d at 919.

¶ 20 Here, the Department found a lack of substantial evidence because petitioner was issued a check for his last day of employment and there was no evidence of age discrimination. The Commission upon review of the Department's findings concluded that there was no evidence that Ron of Japan had treated similarly situated employees outside of petitioner's protected class more favorably under similar circumstances. The Commission also found petitioner's argument to be speculative and sustained the Department's findings.

¶ 21 We find no abuse of discretion or any arbitrariness and capriciousness by the Commission in sustaining the Department's dismissal of petitioner's charges of employment discrimination based on age. As mentioned, to establish a *prima facie* case of employment discrimination, petitioner must show: (1) that he is a member of a protected class; (2) he was meeting his employer's legitimate business expectations; (3) that he suffered an adverse employment action; and (4) that the employer treated similarly situated employees outside the class more favorably. *Owens v. Department of Human Rights*, 403 Ill. App. 3d 899, 919 (2010). Here, even assuming that petitioner met Ron of Japan's legitimate business expectations, the evidence adduced at the fact finding conference shows at most that petitioner was a member of a protected class and suffered an adverse employment action. However, petitioner did not present any evidence that Ron of Japan treated similarly situated employees outside his protected class more favorably. As such, he failed to establish a *prima face* case of employment discrimination. Under these circumstances, petitioner's argument amounts to little more than speculation and conjecture that does not amount to substantial evidence of discrimination. *Willis*, 307 Ill. App. 3d at 326. Therefore, the Commission did not abuse its discretion or act arbitrarily and capriciously in sustaining the Department's dismissal of the charge.

¶ 22 For the forgoing reasons, we affirm the Commission.

¶ 23 Affirmed.